UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH JAIME and RITA JAIME,

        Plaintiffs,

                                                        Case Number 11-10302-BC
v.                                                       Honorable Thomas L. Ludington

WELLS FARGO HOME MORTGAGE, INC.,
and US BANK NATIONAL ASSOCIATION,
as Trustee for the Structured Asset Investment
Loan Trust, 200-BNC2,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER**

        Plaintiffs Joseph and Rita Jaime owned a home in Freeland, Michigan, which they refinanced in 2006, borrowing $144,000 from BNC Mortgage. The loan was later assigned to Defendant U.S. Bank N.A. Pl.'s Compl. ¶¶ 7–9. The loan featured an initial interest rate of 9.65 percent, with the potential for the rate to vary up to 12.65 percent. *Id.* ¶ 8. By 2009, Plaintiffs had fallen behind on their payments and sought a loan modification. They agreed to a new loan with a fixed interest rate of nine percent. *Id.* ¶¶ 11–12. In exchange for an initial payment of $2,341, U.S. Bank agreed to capitalize about $10,000 in overdue interest. *Id.* ¶¶ 11–14. Plaintiffs delivered the $2,341 check by certified mail, but it was returned without explanation. *Id.* The modification was never completed because of the bank's error. *Id.* ¶ 18.

        While Plaintiffs attempted to renew negotiations to modify the loan, a different branch of U.S. Bank, represented by a law firm called Orlans and Associates, initiated foreclosure proceedings by advertisement. The bank sent Plaintiffs several letters in October asking for additional information about their finances, and suggesting that foreclosure could be avoided. *Id.* ¶¶ 25–30.

Despite the letters, the foreclosure proceedings continued and the Plaintiffs home was sold at a sheriff's sale on October 15, 2010. *Id.* ¶ 28. On December 23, 2010, Plaintiffs filed a complaint in Saginaw County Circuit Court, alleging claims for breach of contract; violation of the Michigan Collective Practices Act; Violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act; promissory estoppel; and invalid foreclosure by advertisement. Plaintiffs have asked the Court to set aside the sheriff's sale and award other relief. The complaint was removed to this Court by Defendants on January 25, 2011.

On May 13, 2011, Plaintiffs filed a motion for a preliminary injunction, noting that the redemption period following the sheriff's sale has passed and asking the Court to temporarily restrain the state court eviction proceedings. Plaintiffs argue that "Defendant[s] committed fraud" by filing a separate suit in state court seeking to evict them from their home just months after removing this suit, concerning the validity of the sheriff's sale, from the same state court. Defendants have not yet responded to Plaintiffs' motion for a temporary restraining order. Defendants are apparently represented in the eviction proceedings by Orlans and Associates, the same firm that conducted the foreclosure proceedings. The eviction proceeding was filed on May 6, 2011 pursuant to Michigan Court Rule 4.201(J)(1), which requires that the trial be commenced within fifty-six days. Plaintiffs requested expedited consideration of their motion for a temporary restraining order because a hearing in the eviction action was apparently set for 10:00 a.m. on Monday May 16, 2011.

In a similar case, the Michigan Court of Appeals concluded that "summary proceedings for possession" pursuant to Rule 4.201(J)(1) are not available where there is "a pending quiet title action in circuit court." *Pine Oaks, LLC v. Devries*, No. 249163, 2004 WL 2827396, at *2 (Mich. Ct. App.

Dec. 9, 2004) (unpublished, per curiam). "[I]t seems clear that possession cannot properly be granted via a summary proceeding when the claim to title is legitimately disputed." *Id.*

Pursuant to *Devries*, it appears that Plaintiffs have a compelling argument that they should not be evicted from their home pending the resolution of this case. That argument should be made, however, in state district court, not here. While it may be appropriate for the state district court to decline to entertain the possession action at this time, Plaintiffs have not demonstrated that they are entitled to a temporary restraining order from this Court. Plaintiffs have not demonstrated that this Court should order a state court to refrain from hearing a case.[1]

Accordingly, it is **ORDERED** that Plaintiffs' motion for a temporary restraining order [Dkt. # 16] is **DENIED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: May 17, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 17, 2011.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS

---

[1] Before this Order was entered, Plaintiffs' attorney informed the Court via telephone that eviction proceeding in state court had been resolved and the temporary restraining order was no longer necessary.